NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WILLIAM SHERLOCK, PETITIONER, v. CALCO CHEMICAL
COMPANY, RESPONDENT.

Decided December 20, 1940.

For the petitioner, *Samuel I. Kahn* (by *Henry Harris*).

For the respondent, *Albert E. Schober*.

\*      \*      \*      \*      \*      \*      \*

Petitioner testified that on June 5th, 1940, while operating
an electric truck, his right foot was caught between the truck
and some other object, and he thereby suffered a fracture of
the foot. He was taken to the Beth Israel Hospital, and was
treated for the injury to his foot. He returned to work on
September 24th, 1940, and was paid two weeks temporary
compensation at the compensation rate of $14.93 per week.
He further testified that he had operated this electric truck
previously, and had never been told not to use the truck,
and that he was making use of the truck at the time of the
accident in order to enable him to move certain materials
from a freight car to the warehouse.

Dr. Max Kummel testified that his examinations of the
petitioner on two occasions, indicated that the petitioner suf-
fered a fracture of the right foot, causing a permanent disa-
bility of twenty-five per cent. of that member.

The respondent produced several witnesses who testified
that on the morning of the accident, the foreman called
together all of the employes in the delivery department,
including the petitioner, William Sherlock, and instructed

them as to their duties with reference to the unloading of the freight car, and that the foreman had designated another workman to operate the electric truck, and that William Sherlock was to assist him in the unloading and loading of the bales from the electric truck.

Dr. Irving Willner testified that his examination of the petitioner indicated that as a result of the injury to his right foot, the petitioner would have a permanent disability of fifteen per cent. of that member.

After considering all the evidence in this case, I am of the opinion that the petitioner met with an accident arising out of and in the course of his employment by the respondent on June 5th, 1940, and that the petitioner was not willfully disobeying his instructions at the time of the aforesaid accident, but that his operation of the truck was within the sphere of his employment, and in furtherance of his duties in the delivery department of the respondent.

I am further of the opinion that the petitioner is entitled to temporary disability from the date of the accident, June 5th, 1940, to September 23d, 1940, inclusive, and twenty per cent. permanent disability of the right foot.

\*          \*          \*          \*          \*          \*          \*

It is further ordered, that judgment be entered in favor of the petitioner and against the respondent for twenty per cent. permanent disability of the right foot.

\*          \*          \*          \*          \*          \*          \*

JOHN C. WEGNER,
*Deputy Commissioner.*